**618**

[sodomy-felony].)    Present — Williams, P. J., Goldman, McClusky, Henry and Noonan, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN WALKER, Appellant.— Same decision as in case of *People* v. *Burney* (20 A D 2d 617). (Appeal from judgment of Onondaga County Court convicting defendant Walker of violation of subdivision 5 of section 690 of the Penal Law [sodomy-felony].)    Present — Williams, P. J., Goldman, McClusky, Henry and Noonan, JJ.

■    EDWIN F. JAECKLE, Respondent, v. MARJORIE M. CAMPBELL et al., as Executors of JOHN G. CAMPBELL, Deceased, Appellants.— Judgment and order unanimously reversed, without costs and motion denied, without costs. Memorandum:  This record presents substantial issues of fact that prevent the granting of summary judgment.  A trial is required.  (Appeal from judgment and order of Erie Special Term in favor of plaintiff on a motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice.) Present — Williams, P. J., Bastow, McClusky, Henry and Noonan, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. SALVATORE ATRIA et al., Respondents, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Order unanimously reversed, without costs of this appeal to either party, writ dismissed, and relator remanded to the custody of the Warden of Auburn Prison. Memorandum:  The issues herein are controlled by our decision in *People ex rel. Bell* v. *Murphy* (18 A D 2d 17).  Accordingly, the proceeding must be dismissed.  (Appeal by People from order of Cayuga County Court sustaining a writ of habeas corpus and discharging relator.)    Present — Williams, P. J., Bastow, Goldman, McClusky and Noonan, JJ.

■    (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHNNIE CARTER, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.  (B) THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARIO CERZA, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant.  (C) THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES W. CHAMBERLAIN, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant.  (D) THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEROY COOPER, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (E) THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD C. CORBETT, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.  (F) THE PEOPLE OF THE STATE OF NEW YORK ex rel. OLIVER LAWRENCE CORNELL, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant.  (G) THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER H. DAVIS, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant.  (H) THE PEOPLE OF THE STATE OF NEW YORK ex rel. FELIX DIAZ, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant.  (I) THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCIS DIBBLE, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant.  (J) THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT A. DOTE, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant.  (K) THE PEOPLE OF THE STATE OF NEW YORK ex rel.

MARION B. DRIVERS, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (L) THE PEOPLE OF THE STATE OF NEW YORK ex rel. VALTER FERRELL, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (M) THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD J. FROST, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (N) THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK GREENE, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (O) THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM HUMPHRIES, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (P) THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS JACOBS, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Q) THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHANIEL JOHNSON, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (R) THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS LEWEY, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (S) THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD H. LINEHAN, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (T) THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE LUPO, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (U) THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK MESSINA, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (V) THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT MILES, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (W) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALLISTER McRAE, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (X) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIUS MILLER, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Y) THE PEOPLE OF THE STATE OF NEW YORK ex rel. OLIVER MURRAY, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Z) THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD PARKER, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (AA) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISRAEL PEREZ, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (BB) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY LEE PETOSKEY, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (CC) THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY J. PODESWIK, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (DD) THE PEOPLE OF THE STATE OF NEW YORK ex rel. SEYMOUR ROGERS, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

(EE) THE PEOPLE OF THE STATE OF NEW YORK ex rel. CECIL H. SAPP, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (FF) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN E. SMITH, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (GG) THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIS E. SMITH, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (HH) THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD STEPHENS, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (II) THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER E. THORNTON, JR., Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (JJ) THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENIO S. TORRES, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (KK) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN A. WISE, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (LL) THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALLACE W. WOLFE, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Same decision[s] as in case of *People ex rel. Atria* v. *Murphy* (20 A D 2d 618). (Appeal[s] by People from order[s] of Cayuga County Court sustaining writ[s] of habeas corpus and discharging relator[s].)

■ WALTER J. RODENHOUSE, Appellant, v. AMERICAN CASUALTY COMPANY OF PENNSYLVANIA, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: In this action to recover for loss under a fire insurance policy the defendant-respondent interposed the defense of failure to comply with the proof of loss requirements and to sue within one year, pursuant to contractual provisions. Plaintiff-appellant sought recovery on the theory that the conduct of defendant's agent estopped defendant from relying on the contract limitations. The policy was issued through the Paul Goverts Insurance Company, alleged agent of the defendant, which company consisted of a father and son, both of whom dealt with the plaintiff. The father had died prior to the trial of the action and plaintiff was not permitted to testify to transactions after the loss between him and the deceased agent. Objection was made by the defendant to such testimony on the ground that it was barred by section 347 of the Civil Practice Act. At the close of plaintiff's proof, the court dismissed the plaintiff's complaint upon motion of the defendant " upon the ground of a non-compliance with the waiver and suit provisions of the insurance policy". It was error to have excluded plaintiff's testimony concerning these transactions upon which estoppel was based. Section 347 does not bar evidence of conversations with an agent of a corporation even though the agent was deceased at the time of the suit. That section is inapplicable because the proffered testimony would not affect any property which is derived from or through the deceased agent. The alleged principal of the deceased agent, defendant insurance company, was neither survivor nor a person deriving his title or interest from a decedent within the meaning of section 347 (*Carmen* v. *Shore Cleaners & Dyers*, 270 App. Div. 945; *Melkon* v. *Kirk & Co.*, 220 App. Div. 180). If the testimony which the plaintiff sought to introduce would have proved a waiver by the defendant by a course of conduct which would have given rise to an estoppel by a duly authorized agent such testimony would